COWART, Judge.
This is an appeal from a summary judgment holding a will contingent and void, as a matter of law, because it contained the following paragraph:
FIRST: This will is made in contemplation of the marriage of LILLIAN M. *373 NICHOLS to BERTRAN E. PETERS and this Will shall be valid after such marriage. I give, bequeath and devise all of my property, both real and personal, to BERTRAN E. PETERS.
The word contemplation as used here does not denote a contingency implying that the will or the bequest would not be valid or effective until the marriage occurred but only refers to the fact that the will was intended to be valid even after, or notwithstanding, the occurrence of the intended, or expected future event.
Actually, rather than invalidating the will, this clause, explicitly indicating that marriage by the testatrix to the devisee was contemplated at the time the will was made, carefully avoids the problem that results when that point is not clear from the will. See Estate of Ganier v. Estate of Ganier, 418 So.2d 256 (Fla.1982).
REVERSED.
COBB, J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.